UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


John Barber

   v.                                          Civil No. 15-cv-212-SM

Cpl. Michael Miller


**REPORT AND RECOMMENDATION**

New Hampshire State Prison ("NHSP") inmate John Barber has filed a complaint (doc. no. 1), which is before the court for preliminary review, pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1). In his complaint, Barber has also requested preliminary injunctive relief. That request has been referred to this magistrate judge for a report and recommendation. See Order (July 2, 2015) (doc. no. 4).

**Background**

On February 19, 2015, plaintiff John Barber was housed in the NHSP's Secure Housing Unit ("SHU"). Another inmate, Jason Chapman, was placed in Barber's cell. Within minutes of moving into the cell, Chapman assaulted Barber, punching him in the face and breaking his nose. Chapman then told Barber to inform the corrections officials on SHU that Barber had to be moved out of the cell.

Approximately fifteen minutes later, Cpl. Michael Miller came to plaintiff's tier on SHU to deliver medications.  Barber told Miller that he did not feel safe in his cell and needed to be moved.  Miller asked to see Barber's face and saw that Barber appeared to have been recently punched and that his nose was broken.  Miller then asked to see Chapman's right fist, and noted that it was swollen, and that Barber and Chapman had been fighting.

Miller then continued to deliver medications on the tier, told Barber and Chapman he'd be back "in a minute," and left.  Once he was gone, Chapman punched Barber once on the side of his face, causing minor swelling.  Several minutes later, multiple officers arrived and removed both Barber and Chapman from the cell.  Barber was then taken to the NHSP's Health Services Center.

## Discussion

I.  **Preliminary Review**

   A.  Preliminary Review Standard

In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as

2

true, state a facially plausible claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

    B.   Failure to Protect

Barber claims that by not removing him from his cell immediately upon Barber's request, Miller violated Barber's right to be protected from harm. Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Giroux v. Somerset Cty., 178 F.3d 28, 32 (1st Cir. 1999) (internal quotation marks and citations omitted). "Prison officials . . . must take reasonable measures to guarantee the safety of the inmates." Id. at 31 (internal quotation marks and citations omitted).

To state an Eighth Amendment failure to protect claim, the prisoner must show that a prison official acted with "'deliberate indifference'" to a serious risk to the prisoner's health or safety. Id. at 32 (quoting Farmer, 511 U.S. at 828). "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they respond reasonably to the risk, even if the harm was not ultimately averted." Farmer, 511 U.S. at 844 (internal quotation marks and citation omitted).

Barber alleges sufficient facts to demonstrate that he was subject to a risk of serious harm as long as he remained in a cell with Chapman.  Further, Barber alleges that Miller became aware of that risk when Miller saw him in his cell with Chapman while he was passing out medications, and noted Barber's broken nose and Chapman's swollen fist. Accordingly, the complaint states sufficient facts to demonstrate that Miller was subjectively aware that Barber faced a risk of serious harm if left in a cell with Chapman.

Barber asserts that Miller's failure to remove Barber from the cell immediately, upon discovering that he had been punched, was an unreasonable response to the risk of harm to Barber while he remained in the cell.  Barber has filed, with his complaint, a copy of an Inmate Request Slip he sent to NHSP Sgt. Marshall, Miller's superior, the day after the incident inquiring as to why Miller didn't act immediately to remove Barber from the cell.[1]  Marshall responded to Barber, advising him that Miller had called Marshall on the radio stating that Barber needed to be removed from the cell due to fighting, and that several minutes later, Barber was in fact removed from the cell. Because Barber was removed from the cell within minutes of

---

[1] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).

4

Miller leaving SHU, it appears that Miller immediately called Marshall to advise him of the situation.  Further, Miller advised Barber that he would be back "in a minute" before leaving the area, which would provide notice to both Barber and Chapman that quick action would be taken, reducing the chance that Barber and Chapman would continue to fight.

SHU is a maximum security unit in the prison.  Accordingly, Miller was faced, at the time he was called to Barber's cell, with two maximum security inmates who he reasonably believed had just been fighting.  Miller left the unit and immediately called Marshall, his superior, to say that Barber needed to be removed from the cell because he and his cellmate were fighting.  The court cannot find that it was unreasonable for Miller, under the circumstances, leave the area in order to immediately notify his superior of the potentially volatile situation, and to wait until other officers were on the unit to physically remove two potentially angry and violent inmates from their cell, rather than trying to remove Barber on his own.  Whether any other option may have been available to Miller is irrelevant, as the actions he did take were entirely reasonable.

Because Miller responded reasonably to the known risk of harm to Barber, the court finds that Barber has failed to state

an actionable failure to protect claim against Miller. Accordingly, the district judge should dismiss the complaint.

## Conclusion

For the foregoing reasons, the court recommends that the district judge dismiss the complaint (doc. no. 1) for failure to state a claim.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>United States v. De Jesús-Viera</u>, 655 F.3d 52, 57 (1st Cir. 2011); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 22, 2015

cc: John Barber, pro se